Lott, Surr.
The tax sought tobe recovered in this matter is upon property within this State passing by will, and therefore is within the terms of the act, chapter 483, laws-of 1885.
While the grammar of section one of that act is questionable, yet I think the meaning of the law is not doubtful. If it was, then in view of the policy of encouraging" the migration of foreign capital into this State (Williams v. Supervisors of Wayne Co., 78 N. Y. 561, 565), and because taxation may be imposed here and in Pennsylvania upon the same property, the act in question might by construction be limited to embrace only the property of residents of this State passing by will or the intestate laws of this State, but where acts of this character have been restricted by construction the courts have proceeded upon the ground that the legislature had not sufficiently expressed its intention to depart from theretofore well-settled rules as" *229 to taxation (Thompson v. Advocate General, 12 Clarke & Fin. 1; Wallace v. Attorney, 1 L. R. Ch. 1; U. S. v. Hunnewell, 13 Fed. Rep. 617).
I think it was intended to subject to taxation all property within this State passing by will (to other than certain excepted persons) without regard to the residence of the ancestor, and the provisions of sections eleven and fifteen of the act in question support this construction.
It is conceded for the executors that property passing by grant, to take effect at the grantor’s death, is subject to the tax without reference to the residence of the grantor, and that the tax on property so transferred was designed to present an evasion of the tax by resort to such conveyances. It would follow if the construction contended for by the executors was allowed, property of a non-resident passing by will would be free of tax, while property passing by grant from a non-resident to take effect in possession at the death of the grantor would be liable to taxation.
I am of the opinion that both real and personal property within this State, passing by the will of the testatrix, is subject to the tax.
II. July, 1887.
From the judgment of the surrogate directing the ■executors to pay the tax to the county treasurer, with $70 costs, and $200 additional allowance to the district-attorney, the executors appealed to the general term of the supreme court.
Josiah T. Marean (Kennard Buxton, attorney) for the executors, appellants.
John F. Clarke (Jas. W. Ridgway, district-attorney) for the people, respondents.
Pratt, J.
This is an appeal from an order made by the -surrogate of Kings county. The proceeding was instituted *230 ’ by the district attorney for the purpose of having the surrogate assess and fix the cash value of the estate of Hannah Enston, deceased, in order that the tax thereon may be collected pursuant to chapter 483 of the laws of 1885, entitled “ An act to tax gifts, legacies and collateral inheritances in certain cases.”
There is no dispute on the facts. Hannah Enston, at the time of her death, was a resident of the State of Pennsylvania. She departed this life on October 26, 1886, in the State of South Carolina, leaving real and personal property within the county of Kings in this State. Her last will and testament was admitted to probate in Kings county, on Xovember 4, 1886. An appraisement of the property was duly had, and the tax amount fixed by the' appraiser.
The specific contention made by the executors on this-appeal is, that the decedent, not being a resident of this State at the time of her death, the legacies under the will are not subject to the law of 1885, notwithstanding the property so bequeathed was, at the time of her death,, invested and located within this State.
That the statute covers this case cannot admit of doubt.. Section 11 of the act provides that “ Whenever any foreign executor, etc., shall assign or transfer any stock standing in the name of the deceased, or in trust for decedent, etc.”" By section 15 it is further provided that the “ surrogate’s court, in the county in which the real property is situated of a decedent who may not be a resident of the State . . .- shall have jurisdiction,” etc., thus in the former section announcing that capital invested in this State comes under' the statute, and is subject to the tax, and in the latter section giving the surrogate jurisdiction to determine the tax to be imposed upon real estate.
A fair interpretation of the statute seems to negative-any exemption from taxation of the property in question. The statute seems to provide for the cases, 1st, where the decedent is a resident of the State, and 2d, where the prop *231 erty of the decedent is in this State at the time of his death. The statute relates to the taxation of property, and the words “ or which property shall be within this State,” must he regarded as the alternative of the words, “ while being a resident of this State.” This is the only construction that will give any force or effect-to the words “ or which property shall be within this State,” and necessarily includes property within this State at the time of the death of a non-resident.
The statute expressly states that “ all property which shall pass by will or intestate laws,” shall be subjected to the tax. Those words necessarily included property of nonresident as well as resident decedents. The grammar of section 1 of the act may be the subject of just criticism, but in view of the well-settled policy of the State in regard to taxation, and the inconsistency of adopting any other construction than that adhered to by the surrogate, we think the decree must be affirmed.
It seems to he conceded that property passing by grant to take effect at grantor’s death is subject to tax without reference to the residence of the grantor. It is difficult to sec why property passing by will should be free from tax, while property passing by grant to take effect at grantor’s death would be liable to taxation. Such an inconsistency cannot be imputed to a legislative act.
There are no errors sufficient to warrant an interference with the decree, which is affirmed with costs.
Barnard, P. J., and Dykman, J., concurred.
Note on the Exemption op Religious, &c., Corporations from Collateral Inheritance Tax.
The New York Revised Statutes, Part I, c. 13, title 1 (7 ed. vol. 2, p. 982, § 4) contain the following provisions :
“ The following property shall he exempt from taxation . ... . 7. The personal estate of every incorporated company not made liable to taxation on its capital, in the fourth title of this chapter.” Following this is the exemption of the personal property of every minister of the gospel.
*232 Title 4 of the same chapter above referred to (2 R. S. 7 ed. 1036) which relates to taxes on incorporated companies, extends only to moneyed or stock corporations deriving an income or profit from their capital or otherwise; and they are liable to taxation on their capital.
A religious, benevolent, or charitable corporation, or any other having no capital stock, is therefore exempt from taxation; except of course, that if it owns real property, the real propérty is subject to taxation ; but this is not a tax upon the corporation in any sense, but a tax upon the property, and if it does own real property, the liability of ■such property to taxation would not take the corporation itself out of fhe qualifying clause in the Collateral Inheritance Tax Act. L. 1885, c. 483, as amended by L. 1887, c. 713.